IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHY DUBRASKY and IVAN
DUBRASKY,

        Plaintiffs,

    v.

HILCORP ENERGY COMPANY, A.K.A
HILCORP, and it's Officers, Agents and
Subsidiaries

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 2:15-cv-00664-TFM

**ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT AT LAW AND IN EQUITY**

Defendant, captioned as "Hilcorp Energy Company, A.K.A. HILCORP, and its Officers,

Agents and Subsidiaries" ("Hilcorp"), by its undersigned counsel, files the following Answer and

Affirmative Defenses to Plaintiffs' Complaint at Law and in Equity.

**First Defense**

Hilcorp answers each paragraph of Plaintiffs' Complaint at Law and in Equity as follows:

1.     After a reasonable investigation, Hilcorp is without sufficient information to

admit or deny the averments in this paragraph, which are, therefore, denied.

2.     After a reasonable investigation, Hilcorp is without sufficient information to

admit or deny the averments in this paragraph, which are, therefore, denied.

3.     After a reasonable investigation, Hilcorp is without sufficient information to

admit or deny the averments in this paragraph, which are, therefore, denied.

4.     Admitted.

5.     It is admitted only that Hilcorp is an oil and natural gas exploration and production company that engages in horizontal drilling and hydraulic fracturing operations. The remaining averments in this paragraph are denied.

6.     This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

7.     This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

8.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

9.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

10.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

11.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

12.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

13.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

14.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

15.     After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

16.    Admitted.

17.    Admitted.

18.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

19.    This paragraph states a legal conclusion to which no response is required.

20.    Denied.

21.    It is admitted only that Plaintiffs and others have filed a substantive validity challenge to certain provisions of the Pulaski Township Zoning Ordinance. The remaining averments in this paragraph are denied.

22.    It is admitted that Hilcorp constructed a well site referred to as the "Chrastina Well" in Pulaski Township. After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the remaining averments in this paragraph, which are, therefore, denied.

23.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

24.    It is admitted that Hilcorp constructed a well site referred to as the "Whiting Well" in Pulaski Township. Plaintiffs' characterization of the site is denied. After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the remaining averments in this paragraph, which are, therefore, denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

34.    It is admitted only that vertical drilling occurred at the Chrastina Well site.  The remaining averments in this paragraph are denied.

35.    Denied.

36.    It is admitted only that certain construction workers at the Chrastina Well lived on-site in mobile homes and trailers.  The remaining averments in this paragraph are denied.

37.    It is admitted only that vertical and horizontal drilling occurred at the Chrastina Well site.  The remaining averments in this paragraph are denied.

38.    It is admitted only that horizontal drilling occurred at the Chrastina Well site.  The remaining averments in this paragraph are denied

39.    Denied.

40.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph about Plaintiffs' sleep, which are, therefore, denied.  The remaining averments in this paragraph are denied.

41.    Denied.

42.    Denied.

43.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph about Plaintiffs' concerns, which are, therefore, denied. The remaining averments in this paragraph are denied.

44.    It is admitted only that Mr. Dubrasky's testimony is accurately quoted. The remaining averments in this paragraph are denied.

45.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

46.    It is admitted that Hilcorp has resolved water complaints related to the Whiting Well with the Department of Environmental Protection. The remaining averments in this paragraph are denied.

47.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

48.    Denied.

49.    It is admitted only that Plaintiffs do not have a lease agreement with Hilcorp. After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the remaining averments in this paragraph, which are, therefore, denied.

50.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

51.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph related to Plaintiffs' expectations, which are, therefore, denied. The remaining averments in this paragraph are denied.

52.    Denied.

53.    It is admitted only that, as a general statement, an unconventional well can be hydraulically fractured on more than one occasion, multiple wells can be drilled on a well site and different geological formations can be accessed through drilling.  The remaining averments in this paragraph are denied.

54.    Denied.

55.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

56.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.  It is denied that Hilcorp has caused Plaintiffs' alleged harm.

57.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.  It is denied that Hilcorp has caused Plaintiffs' alleged harm.

58.    It is denied that Hilcorp has caused or contributed to earthquakes in Poland, Ohio. After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the remaining averments in this paragraph, which are, therefore, denied.

## JURISDICTION AND VENUE

59.    This paragraph states a legal conclusion to which no response is required.

## COUNT I – PRIVATE NUISANCE

60.    Hilcorp incorporates by reference paragraphs 1 through 59 above.

61.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

62.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

63.    It is admitted only that Hilcorp has engaged in hydraulic fracturing activities in Pulaski Township.  The remaining averments in this paragraph are denied.

64.    Denied.

65.    Denied.

66.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph about Plaintiffs' sleep, which are, therefore, denied.  The remaining averments in this paragraph are denied.

67.    It is denied that Hilcorp's drilling activities create constant loud noise and bright lights.  After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the remaining averments in this paragraph, which are, therefore, denied.

68.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

69.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

70.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

71.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

72.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

73.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

74.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

75.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

76.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

77.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

78.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

79.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

80.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

81.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

82.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

83.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

84.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

85.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

86.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

87.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

88.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

89.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

90.    Denied. Hilcorp denies any factual averments in this paragraph. In addition, this paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

91.    Denied. Hilcorp denies any factual averments in this paragraph. In addition, this paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

92.    Denied. Hilcorp denies any factual averments in this paragraph. In addition, this paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

WHEREFORE, Hilcorp demands judgment in its favor and against Plaintiffs, together with costs and such other relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE AND/OR RECKLESNESS

93.    Hilcorp incorporates by reference paragraphs 1 through 92 above.

94.    Denied. Hilcorp denies any factual averments in this paragraph. In addition, this paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

95.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

96.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

97.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed to be required, this paragraph is denied.

98.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

99.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

100.     Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

101.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

WHEREFORE, Hilcorp demands judgment in its favor and against Plaintiffs, together with costs and such other relief as the Court deems just and proper.

## COUNT III – STRICT LIABILITY

102.     Hilcorp incorporates by reference paragraphs 1 through 101 above.

103.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

104.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

105.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

106.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

107.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

108.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

109.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

110.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

111.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

112.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

WHEREFORE, Hilcorp demands judgment in its favor and against Plaintiffs, together with costs and such other relief as the Court deems just and proper.

## <u>COUNT IV – INJUNCTIVE RELIEF</u>

113.    Hilcorp incorporates by reference paragraphs 1 through 112 above.

114.    It is admitted only that Hilcorp has engaged in hydraulic fracturing activities in Pulaski Township.  The remaining averments in this paragraph are denied.

115.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

116.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

117.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

118.    After a reasonable investigation, Hilcorp is without sufficient information to admit or deny the averments in this paragraph, which are, therefore, denied.

119.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

120.    Denied.  Hilcorp denies any factual averments in this paragraph.  In addition, this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

WHEREFORE, Hilcorp demands judgment in its favor and against Plaintiffs, together with costs and such other relief as the Court deems just and proper.

### Second Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Third Defense

Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Defense

Plaintiffs' claims are barred by the applicable statute of limitations and/or by laches.

### Fifth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Sixth Defense

Plaintiffs' claims are barred by the doctrines of assumption of the risk, contributory negligence and/or comparative negligence.

### Seventh Defense

Plaintiffs' claims are barred by their failure to mitigate any alleged damages.

### Eighth Defense

Plaintiffs' alleged damages, none being admitted, were caused by the acts or omissions of parties, events or causes other than acts and omissions by Hilcorp.

### Ninth Defense

Plaintiffs' claims are barred by the non-occurrence of a condition precedent.

### Tenth Defense

Plaintiffs' claims are barred to the extent that they have been preempted by federal or state law.

### Eleventh Defense

Plaintiffs are not entitled to punitive damages.

### Twelfth Defense

Hilcorp reserves the right to assert additional affirmative defenses that may become known to them through discovery or otherwise.

### Demand for Jury Trial

Hilcorp hereby demands a trial by jury.

WHEREFORE, Hilcorp demands judgment in its favor and against Plaintiffs, together with costs and such other relief as the Court deems just and proper.

Respectfully submitted

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

Date: May 27, 2015

/s/ Mark K. Dausch

Kathy K. Condo (PA ID 34910)
Mark K. Dausch (PA ID 205621)
Two Gateway Center, Sixth Floor
Pittsburgh, Pennsylvania 15222
(412) 394-5400

Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was, this 27 day of May, 2015, served

through the Court's electronic filing system upon the following:

Angelo A. Papa, Esquire
318 Highland Avenue
New Castle, PA 16101
**Counsel for Plaintiffs**


BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.


/s/  Mark K. Dausch